UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS BURNS,

    Petitioner,                                    Civil No. 2:14-CV-13862
                                                               HONORABLE NANCY G. EDMUNDS
v.                                                      UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Douglas Burns, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for two counts of assault with intent to commit murder, M.C.L.A. 750.83, and two counts of possession of a firearm during the commission of a felony, M.C.L.A. 750.227b.

As part of their answer, respondent alleges that petitioner's second and third claims are defaulted because petitioner abandoned the claims by not properly raising them in his Standard 4 brief on his appeal of right. Petitioner claims that the default should be excused because appellate counsel was ineffective for not raising these claims in his appeal brief, forcing petitioner to raise these claims in his own *pro se* Standard 4 brief.[1] Petitioner's ineffective assistance of appellate counsel claim has yet to be exhausted with the state courts and thus cannot be used either to excuse this default or as an independent claim for

---

[1]Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry*, 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

relief.

In *lieu* of dismissing the petition for a writ of habeas corpus, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his ineffective assistance of appellate counsel claim. The Court will also administratively close the case.

## I. Discussion

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Burns,* No. 305037, 2012 WL 4093758 *1 (Mich. Ct. App. Sept. 18, 2012), *lv. den.* 493 Mich. 941, 826 N.W.2d 719 (Mich. 2013).

Petitioner filed his petition for a writ of habeas corpus on October 1, 2014, in which he sought habeas relief on the following grounds:[2]

I. Denial of right to present a defense.

II. Ineffective assistance of trial counsel.

III. The trial court inappropriately ignored petitioner's request for substitute counsel.

Respondent argues that petitioner's second and third claims are defaulted because petitioner abandoned the claims by not properly raising them in his Standard 4 brief on his appeal of right. Petitioner argues that the default should be excused because appellate counsel was ineffective for not raising these claims in his appeal brief, forcing petitioner to raise these claims *pro se* in an inadequate manner in his own Standard 4 brief.

---

[2] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on October 1, 2014, the date that it was signed and dated. *See See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

Ineffective assistance of counsel may establish cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, for ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Id.*

A review of petitioner's briefs on appeal to the Michigan Court of Appeals and the Michigan Supreme Court shows that petitioner never raised an ineffective assistance of appellate counsel claim on his direct appeal. Petitioner's claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004). To the extent that petitioner is attempting to argue ineffective assistance of appellate counsel either to excuse the default or as an independent claim, he must first exhaust his claim in the state courts.

The Court's only concern in dismissing the current petition on exhaustion grounds involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for a writ of habeas corpus following the exhaustion of his claim in the state courts.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly

3

meritless." *Rhines,* 544 U.S. at 278.[3]

In the present case, petitioner's ineffective assistance of appellate counsel claim does not appear to be "plainly meritless." Petitioner also has good cause for failing to raise his ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F.App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F.3d at 83); see also *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling,* 246 F.App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its

---

[3]This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F.App'x. 414, 422, n. 7 (6th Cir. 2005).

jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. at 278. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of receiving this Court's order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting his claim in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009); *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan

Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance.  Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order.  He shall notify this Court in writing that such motion papers have been filed in state court.  If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for a writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition.  After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.  Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

        s/ Nancy G. Edmunds
        **HONORABLE NANCY G. EDMUNDS**
        **UNITED STATES DISTRICT JUDGE**

**DATED:** January 20, 2017

## CERTIFICATION

    I hereby certify that a copy of this order was served upon the parties/counsel of record on this 20th day of January, 2017 by regular mail and/or CM/ECF.

        s/ Carol J. Bethel
        Case Manager

Date: 1/20/17