**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOUGLAS ROY BURNS,

    Petitioner,                             Civil No. 2:14-CV-13862
                                             HONORABLE NANCY G. EDMUNDS
v.                                             UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Douglas Roy Burns, ("petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for two counts of assault with intent to commit murder, M.C.L.A. 750.83, and two counts of possession of a firearm during the commission of a felony, M.C.L.A. 750.227b. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted following a jury trial in the Oakland County Circuit Court. Petitioner's conviction arose from an encounter between petitioner and the Pontiac Police Department. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise out his assault of two police officers on May 27, 2010. City of Pontiac Police Sergeant Ryan Terry and Officer Tim Morton

1

> responded to defendant's home because of a dispute between defendant and his neighbors. Defendant was irate and yelled at the officers to get off of his property. Terry and Morton returned to defendant's home later that day because of threats that defendant had made to the mayor of Pontiac over the telephone. As the officers talked to defendant's wife at the front door, they could hear defendant yelling in the background. When defendant came to the front door, he was wearing only a bathrobe with large front pockets, and Terry saw defendant place a small handgun into one of the pockets. Terry yelled "gun, gun, gun" to alert Morton that defendant had a gun, and the officers unsuccessfully attempted to subdue defendant. After a brief struggle, defendant fired two shots at the officers, prompting Morton to fire one shot at defendant, which missed and struck a piano. Defendant then fired a third shot at the officers, who sustained nonlife-threatening injuries. Defendant was eventually subdued and apprehended after additional police officers arrived and sprayed tear gas into defendant's home.

*People v. Burns*, No. 305037, 2012 WL 4093758, at *1 (Mich. Ct. App. Sept. 18, 2012).

Petitioner's conviction was affirmed on direct appeal. *Id.*, *lv. den.* 493 Mich. 941, 826 N.W.2d 719 (2013).

Petitioner filed a petition for a writ of habeas corpus on October 1, 2014, [Doc. # 1], in which he sought habeas relief on the following grounds:[1]

I. Denial of right to present a defense.

II. Ineffective assistance of trial counsel.

III. The trial court inappropriately ignored petitioner's request for substitute counsel.

Respondent filed an answer on May 8, 2015, [Doc. # 11]. As part of their answer, respondent alleged that petitioner's second and third claims were defaulted because petitioner abandoned the claims by not properly raising them in his Standard 4 brief on his appeal of right.

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on October 1, 2014, the date that it was signed and dated. *See See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

On January 20, 2017, this Court held the petition in abeyance, staying the proceedings to permit petitioner to return to the state courts to exhaust his second and third claims. [Doc. # 14].

In a letter request, dated May 31, 2017, [Doc. # 15], petitioner requested that the petition be reopened and that "this matter be adjudicated on the sole <u>exhausted</u> issue, to wit, Issue # 1: Denial of right to present a defense." Petitioner further informed this Court that he intended to "forfeit and abandon the other two Issues, the non-exhausted ones, to wit II: Ineffective assistance of trial counsel, and III: The trial court inappropriately ignored petitioner's request for substitute counsel."

On June 9, 2017, this Court reopened the case. The Court amends the petition to delete Issue 2 and Issue 3.

Petitioner seeks a writ of habeas corpus on the following ground:

> The trial judges (sic) ruling prevented the petitioner from presenting evidence of his mental illness is contrary to the ruling in *Rompilla v. Beard*, and resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *Bell v. Cone*, 535 U.S. 685 (2002); *Lockyer v. Andrade*, 538 U.S. ___ (2003).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

3

> States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state

court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

### III.  Discussion

Petitioner claims that he was denied his right to present a defense when the trial court prevented him from presenting evidence of his mental illness.  Petitioner argues that evidence of his bipolar condition should have been allowed pursuant to M.R.E. 404(a)(1) as evidence of his character for purposes of proving that his actions were in conformity with a character trait.

The Michigan Court of Appeals rejected petitioner's claim, finding that petitioner was attempting to admit this evidence in a backhanded attempt to raise a diminished capacity defense by trying to establish that his mental illness negated his specific intent to commit the crimes.  The Michigan Court of Appeals indicated that petitioner was not entitled to present such evidence, because diminished capacity or any mental illness short of legal insanity is no longer a defense in Michigan to a crime. *People v. Burns*, 2012 WL 4093758, at *1–2.

State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975).  What is essential to establish the elements of a crime is a matter of state law. *See Sanford v. Yukins,* 288 F.3d 855, 862 (6th Cir. 2002).  Likewise, "[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." *See*

*Lakin v. Stine,* 80 F.App'x 368, 373 (6th Cir. 2003)(citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000); *McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)). The circumstances under which a criminal defense may be asserted is thus a question of state law. *Id.* Under Michigan law, petitioner would not be entitled to invoke the doctrine of diminished capacity or any other mental illness defense, other than insanity, to negate the specific intent pertaining to assault with intent to commit murder.

In 1994, the Michigan legislature enacted Mich. Comp. Laws § 768.21a, which set forth the legal standards for an insanity defense in Michigan. The Michigan Supreme Court has subsequently held that this statute abolished the diminished capacity defense in Michigan, and that the insanity defense, as established by the Michigan Legislature in § 768.21a, is the sole standard for determining criminal responsibility as it relates to mental illness or retardation. *See People v. Carpenter,* 627 N.W.2d 276, 283-85 (Mich. 2001); *see also Wallace v. Smith,* 58 F.App'x 89, 94, n. 6. (6th Cir. 2003).

In *Wong v. Money,* 142 F.3d 313, 323-26 (6th Cir. 1998), the Sixth Circuit rejected the habeas petitioner's claim that her rights under the Sixth and Fourteenth Amendments had been violated when the state trial court prevented petitioner from presenting expert psychiatric testimony on the issue of diminished capacity, in light of the fact that the State of Ohio did not recognize the defense of diminished capacity.

In the present case, in light of the fact that the defense of diminished capacity is not a defense in Michigan, and insanity is the only recognized mental illness defense, petitioner cannot establish that his Sixth or Fourteenth Amendment rights were violated by the trial court precluding him from raising a defense pertaining to his bipolar condition, short of insanity. Petitioner is not entitled to relief on his claim that the trial court erred by

preventing him from bringing a defense based on his bi-polar condition.

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *see also Strayhorn v. Booker,* 718 F. Supp. 2d at 875.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma*

7

*pauperis.*

                                              s/ Nancy G. Edmunds
                                              **HON. NANCY G. EDMUNDS**
                                              UNITED STATES DISTRICT COURT

Dated: 10/31/17

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of this order was mailed/served upon counsel and/or parties of record on this 31st day of October, 2017 by regular U.S. Mail and/or CM/ECF

                                              s/ Carol J. Bethel
                                              Case Manager